1

2

3

4

5

6

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

7

8

9

10

11

12

13

MICHALLE GONZALEZ-
HERNANDEZ,

                              Plaintiff,

        v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security
Administration,

                              Defendant.

NO:  13-CV-5086-TOR

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY
JUDGMENT

14

15

16

17

18

19

20

        BEFORE THE COURT are the parties' cross-motions for summary

judgment (ECF Nos. 18 and 23).  Plaintiff is represented by D. James Tree.

Defendant is represented by David J. Burdett.  The Court has reviewed the

administrative record and the parties' completed briefing and is fully informed.

For the reasons discussed below, the Court grants Defendant's motion and denies

Plaintiff's motion.

//

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

**JURISDICTION**

The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g); 1383(c)(3).

**STANDARD OF REVIEW**

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g).  The scope of review under §405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error."  *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)).  "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion."  *Id*., at 1159 (quotation and citation omitted).  Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance."  *Id.* (quotation and citation omitted).  In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation.  *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner.  If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record."  *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).  Further, a district

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 2

court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. § 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 416.920(a)(4)(i). If the claimant is engaged in

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 3

1    "substantial gainful activity," the Commissioner must find that the claimant is not

2    disabled.  20 C.F.R. § 416.920(b).

3        If the claimant is not engaged in substantial gainful activities, the analysis

4    proceeds to step two.  At this step, the Commissioner considers the severity of the

5    claimant's impairment.  20 C.F.R. § 416.920(a)(4)(ii).  If the claimant suffers from

6    "any impairment or combination of impairments which significantly limits [his or

7    her] physical or mental ability to do basic work activities," the analysis proceeds to

8    step three.  20 C.F.R. § 416.920(c).  If the claimant's impairment does not satisfy

9    this severity threshold, however, the Commissioner must find that the claimant is

10   not disabled.  *Id.*

11       At step three, the Commissioner compares the claimant's impairment to

12   several impairments recognized by the Commissioner to be so severe as to

13   preclude a person from engaging in substantial gainful activity.  20 C.F.R.

14   § 416.920(a)(4)(iii).  If the impairment is as severe or more severe than one of the

15   enumerated impairments, the Commissioner must find the claimant disabled and

16   award benefits.  20 C.F.R. § 416.920(d).

17       If the severity of the claimant's impairment does meet or exceed the severity

18   of the enumerated impairments, the Commissioner must pause to assess the

19   claimant's "residual functional capacity."  Residual functional capacity ("RFC"),

20   defined generally as the claimant's ability to perform physical and mental work

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4

activities on a sustained basis despite his or her limitations (20 C.F.R. § 416.945(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past ("past relevant work").  20 C.F.R. § 416.920(a)(4)(iv).  If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. § 416.920(f).  If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 416.920(a)(4)(v).  In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and work experience.  *Id.*  If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. § 416.920(g)(1).  If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits.  *Id.*

The claimant bears the burden of proof at steps one through four above. *Lockwood v. Comm'r of Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).  If the analysis proceeds to step five, the burden shifts to the Commissioner to

1   establish that (1) the claimant is capable of performing other work; and (2) such

2   work "exists in significant numbers in the national economy."  20 C.F.R.

3   § 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

### ALJ'S FINDINGS

5   Plaintiff applied for supplemental security income (SSI) benefits on April

6   22, 2010, alleging an onset date of May 1, 2009.  Tr. 159-169, 178.  Her claims

7   were denied initially and on reconsideration, Tr. 115-18, 123-24, and Plaintiff

8   requested a hearing, Tr. 127.  Plaintiff appeared for a hearing before an

9   administrative law judge on April 24, 2012.  Tr. 46-85.  The ALJ issued a decision

10  on May 25, 2012, finding that Plaintiff was not disabled under the Act.  Tr. 21-34.

11  At step one, the ALJ found that Plaintiff had not engaged in substantial

12  gainful activity since April 22, 2010, the date of her application for Title XVI

13  benefits.  Tr. 23.  At step two, the ALJ found that Plaintiff had severe impairments

14  consisting of cervical spondylosis; chronic pain syndrome/fibromyalgia; left elbow

15  nerve entrapment; left shoulder bursitis; carpal tunnel syndrome-left upper

16  extremity; right knee internal derangement/osteoarthritis; obstructive sleep apnea;

17  obesity; chronic migraines; major depressive disorder; and posttraumatic stress

18  disorder.  *Id*.  At step three, the ALJ found that these impairments did not meet or

19  medically equal a listed impairment.  Tr. 24-28.  The ALJ then determined that

20  //

1   Plaintiff had the RFC to:

2       perform sedentary work as defined in 20 CFR 416.967(a) except she
        can lift no more than 10 pounds at a time; she can occasionally lift and
3       carry articles such as docket files, ledgers, and small tools; she can
        stand and/or walk for about two hours and sit for about six hours in an
4       eight-hour clay; she can occasionally use foot controls with her right
        lower extremity; she can occasionally balance, stoop, kneel, crouch,
5       crawl, and climb ramps or stairs, but can never climb ladders, ropes,
        or scaffolds; she can occasionally reach overhead with her left upper
6       extremity; she can frequently handle and finger with her left upper
        extremity; she should avoid concentrated exposure to extreme cold,
7       unprotected heights, excessive vibration, and moving machinery; she
        can perform simple, routine, and repetitive tasks with some well-
8       learned, detailed tasks; she can tolerate superficial contact with the
        general public, co-workers, and supervisors, but should not work in
9       close cooperation or coordination with others or in groups; and she
        should not have close supervision.

10

11  Tr. 28.  At step four, the ALJ found that Plaintiff could not perform any past

12  relevant work.  Tr. 33.  At step five, after considering the Plaintiff's age, education,

13  work experience, and residual functional capacity, the ALJ found Plaintiff could

14  perform other work existing in significant numbers in the national economy in

15  representative occupations such as charge account clerk, final assembler and circuit

16  board assembler.  Tr. 33-34.  Thus, the ALJ concluded that Plaintiff was not

17  disabled and denied her claim on that basis.  Tr. 34.

18      On July 19, 2012, Plaintiff requested review of the ALJ's decision by the

19  Appeals Council.  Tr. 15-17.  The Appeals Council denied Plaintiff's request for

20  review on June 7, 2013, Tr. 1-6, making the ALJ's decision the Commissioner's

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 7

1  final decision that is subject to judicial review.  42 U.S.C. §§ 405(g), 1383(c)(3);

2  20 C.F.R. §§ 416.1481, 422.210.

## ISSUES

4          Plaintiff seeks judicial review of the Commissioner's final decision denying

5  her supplemental security income under Title XVI of the Social Security Act.

6  Plaintiff has identified three issues for review:

7          1. Whether the ALJ erred in rejecting Plaintiff's credibility concerning
              her subjective complaints;

8

9          2. Whether the ALJ erred in rejecting the opinions of Plaintiff's
              treating medical providers;

10         3. Whether the ALJ failed to meet the step five obligation to identify
              specific jobs, available in significant numbers, consistent with the

11            Plaintiff's functional limitations.

12  ECF No. 18 at 11.

## DISCUSSION

**A. Adverse Credibility Determination**

15         In social security proceedings, a claimant must prove the existence of

16  physical or mental impairment with "medical evidence consisting of signs,

17  symptoms, and laboratory findings."  20 C.F.R. §§ 416.908; 416.927.  A

18  claimant's statements about his or her symptoms alone will not suffice.  20 C.F.R.

19  §§ 416.908; 416.927.  Once an impairment has been proven to exist, the claimant

20  need not offer further medical evidence to substantiate the alleged severity of his or

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 8

her symptoms.  *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) (en banc).

As long as the impairment "could reasonably be expected to produce [the]

symptoms," the claimant may offer a subjective evaluation as to the severity of the

impairment.  *Id.*  This rule recognizes that the severity of a claimant's symptoms

"cannot be objectively verified or measured."  *Id.* at 347 (quotation and citation

omitted).

       If an ALJ finds the claimant's subjective assessment unreliable, "the ALJ

must make a credibility determination with findings sufficiently specific to permit

[a reviewing] court to conclude that the ALJ did not arbitrarily discredit claimant's

testimony."  *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002).  In making

this determination, the ALJ may consider, *inter alia*: (1) the claimant's reputation

for truthfulness; (2) inconsistencies in the claimant's testimony or between his

testimony and his conduct; (3) the claimant's daily living activities; (4) the

claimant's work record; and (5) testimony from physicians or third parties

concerning the nature, severity, and effect of the claimant's condition.  *Id.*  If there

is no evidence of malingering, the ALJ's reasons for discrediting the claimant's

testimony must be "specific, clear and convincing."  *Chaudhry v. Astrue*, 688 F.3d

661, 672 (9th Cir. 2012) (quotation and citation omitted).  The ALJ "must

specifically identify the testimony she or he finds not to be credible and must

1    explain what evidence undermines the testimony." *Holohan v. Massanari*, 246

2    F.3d 1195, 1208 (9th Cir. 2001).

3         Plaintiff contends the ALJ erred by failing to provide the required clear and

4    convincing reasons for rejecting her subjective complaints. ECF No. 18 at 21-25.

5    Yet, nowhere does Plaintiff identify what subjective complaints were improperly

6    rejected.[1] Without this information Plaintiff fails to satisfy her burden of

7    establishing that she was harmed. *See Shinseki v. Sanders*, *supra*.

8         At base, Plaintiff contends she is disabled. The ALJ recounted Plaintiff's

9    activities of daily living, Tr. 26, the objective medical evidence, Tr. 23-33, and

10   reconciled the competing opinions and evidence as he was obligated. No harmful

11   error has been briefed or shown. Because Plaintiff's arguments have not been

12   raised with any more particularity, the Court will decline to address anything

13   further. *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n. 2

14   (9th Cir. 2008) (declining to reach issue where appellant "failed to argue [the]

15

16   [1] The Court finds Plaintiff's extensive recitation of snippets from the medical

17   record quite unhelpful. These bits and pieces are not presented chronologically

18   and are presented completely out of context, without any explanation of their

19   significance or specific argument associated to any one of them. As such, they

20   border on being misleading to the Court.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 10

issue with any specificity in his briefing"); *Rogal v. Astrue*, 2012 WL 7141260 at *3 (W.D. Wash. 2012) (unpublished) ("It is not enough merely to present an argument in the skimpiest way, and leave the Court to do counsel's work—framing the argument and putting flesh on its bones through a discussion of the applicable law and facts.") (citations omitted).

## B. Treating Medical Providers

There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant [but who review the claimant's file] (nonexamining [or reviewing] physicians)." *Holohan v. Massanari*, 246 F.3d 1195, 1201-02 (9th Cir. 2001) (citations omitted). Generally, the opinion of a treating physician carries more weight than the opinion of an examining physician, and the opinion of an examining physician carries more weight than the opinion of a reviewing physician. *Id.* In addition, the Commissioner's regulations give more weight to opinions that are explained than to opinions that are not, and to the opinions of specialists on matters relating to their area of expertise over the opinions of non-specialists. *Id.* (citations omitted). If a treating or examining physician's opinion is not contradicted, an ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). "If a treating or examining

1  doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject

2  it by providing specific and legitimate reasons that are supported by substantial

3  evidence." *Id.* (citing *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995)).

4  Regardless of the source, an ALJ need not accept a physician's opinion that is "brief,

5  conclusory and inadequately supported by clinical findings." *Bray v. Comm'r of Soc.*

6  *Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) (quotation and citation omitted).

7        Plaintiff argues that the ALJ erred in rejecting the opinions of Dr. Zimmerman,

8  Dr. Westhusing, and Ms. Brault.  ECF No. 18 at 14-21.

9        On January 6, 2012, Dr. Zimmerman opined that Plaintiff had numerous

10 marked and moderate limitations that would affect her ability to work.  Tr. 452-54.

11 Dr. Zimmerman cosigned a questionnaire completed by Ms. Brault, M.Ed., in

12 August 2011, that opined it could be "very difficult for [the claimant] to work at

13 this time" as she would be "markedly or severely limited in a work setting with her

14 struggles at home."  Tr. 442.  The ALJ rejected a finding of disability based on a

15 difficult home life.  Tr. 32 ("her family situation contributes to her mental health,

16 but does not reduce her functioning to the point she would be unable to work").

17 The ALJ also discounted these ratings "as they are not substantiated by objective

18 evidence and appear to be based primarily on the claimant's self-report."  Tr. 27.

19        Moreover, the ALJ observed that Dr. Zimmerman's January 2012 mental

20 residual functional capacity assessment found Plaintiff with less stringent

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 12

1    limitations in her understanding and memory, concentration, social interaction, and

2    adaptation, Tr. 32, 452-54, than the assessment completed in August 2011, Tr.

3    440-42.  The ALJ recited the medical opinions supporting Plaintiff's ability to

4    work a 40-hour week and noted that Dr. Zimmerman did not state that Plaintiff

5    would be unable to work.  Tr. 32.  The ALJ highlighted the internal inconsistencies

6    within Dr. Zimmerman's check-box mental residual functional capacity form, Tr.

7    27, and rejected it on this basis as well.  These are specific and legitimate reasons

8    for discounting Dr. Zimmerman's opinion and they are supported by substantial

9    evidence.

10        Ms. Brault is not an "acceptable medical source" within the meaning of 20

11    C.F.R. §§ 404.1513(a) and 416.913(a).  Instead, Ms. Brault is an "other source" as

12    defined in 20 C.F.R. §§ 404.1513(d) and 416.913(d).  *Molina v. Astrue*, 674 F.3d

13    1104, 1111 (9th Cir. 2012).  As an "other source," Ms. Brault's opinions about the

14    nature and severity of Plaintiff's impairments are not entitled to controlling weight.

15    SSR 06-03p, 2006 WL 2329939 at *2; 20 C.F.R. §§ 404.1527(a)(2); 416.927(a)(2).

16    Thus, the ALJ need only have provided a "germane reason" for rejecting her

17    opinions.  *Molina*, 674 F.3d at 1111.

18        The ALJ recited all the inconsistencies within the various opinions offered

19    by Ms. Brault, Tr. 26-27, as well as rejecting the conclusions Ms. Brault recited

20

that were based solely on Plaintiff's self-report, Tr. 27.  These are valid, germane

reasons for rejecting Ms. Brault's conclusions.

In August 2011, Dr. Thomas Westhusing, D.O., opined that Plaintiff would

have to lie down three times per day because of pain and she would probably miss

some work during the month.  Tr. 30, 438-39.  The ALJ recounted all of Dr.

Westhusing's unremarkable findings in his reports dated from May 2009 to 2011.

Tr. 29-30.  The ALJ then rejected his final opinion "as it is wholly inconsistent

with his own findings and appears to be based on the claimant's self-report that she

needs to lie down to relieve pain."  Tr. 30.  This is a clear and convincing reason

for rejecting his opinion.

**C. Plaintiff's RFC at Step Five**

Plaintiff's argument with regard to the vocational expert's testimony is also

derivative of her argument concerning the ALJ's rejection of Plaintiff's credibility

and the treating medical providers' opinions.  Given the ALJ properly rejected this

evidence, no error has been shown with the ALJ's RFC determination.  Defendant

is entitled to summary judgment.

//

//

//

//

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 14

1    **IT IS HEREBY ORDERED:**

2        1. Plaintiff's Motion for Summary Judgment (ECF No. 18) is **DENIED**.

3        2. Defendant's Motion for Summary Judgment (ECF No. 23) is

4            **GRANTED**.

5        The District Court Executive is hereby directed to file this Order, enter

6    **JUDGMENT** for **DEFENDANT**, provide copies to counsel, and **CLOSE** the file.

7        **DATED** September 19, 2014.

8    

9                                    THOMAS O. RICE
                                United States District Judge

10

11

12

13

14

15

16

17

18

19

20

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 15